IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY DAVIS,

    Plaintiff,

v.                                                   Civil Action No. 5:08CV128
                                                               (STAMP)
UNITED STATES DEPARTMENT OF
JUSTICE EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEY FREEDOM
OF INFORMATION/PRIVACY ACT STAFF,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] plaintiff filed a complaint pursuant to the Freedom of Information Act ("FOIA") and 5 U.S.C. § 552 seeking release of certain records. As relief, the plaintiff is requesting $97,000,000.00 in damages, release of requested records, and reasonable costs and attorney's fees. The defendant filed a motion for summary judgment. This case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation. After a preliminary review of the record, the magistrate judge issued a Roseboro notice, to which the plaintiff responded by filing a motion for summary judgment.

On July 14, 2009, Magistrate Judge Seibert issued a report and recommendation recommending that the defendant's motion for summary

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the plaintiff's complaint be dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

On April 2, 2006, the plaintiff sent a letter to the Executive Office for the United States Attorneys ("EOUSA") in which he requested the following information:

> Disclosure of All Criminal Bonds, Bonding, Judgment Numbers, or otherwise as requested, Case No. #5:02-cr-00111-KSF . . . Full disclosure and release of all records and or data contained in the files of your Department, or the Department and/or Agency listed above and below, under My Name and/or Agency listed above and below, under My Name and/or Identifier to my name.

Thereafter, the EOUSA advised the plaintiff that it had received his request, but also informed the plaintiff that he must provide more specific information about the records he was seeking, such as appropriate dates, locations, names, and nature of the records. The plaintiff appealed this action, but the Director of the Office of Information and Privacy affirmed the decision.

Nevertheless, despite appealing the action, the plaintiff narrowed his request to seeking only bonds.[2] On August 22, 2008, the defendant sent the plaintiff a letter stating that no responsive records had been found. The plaintiff again filed an appeal. On October 20, 2008, the defendant notified the plaintiff that his file was being closed because the plaintiff brought a civil action in the Northern District of West Virginia.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### IV. Discussion

As the magistrate judge stated in his report and recommendation, the issue in this case is whether the search conducted for the plaintiff's requested records was reasonable.

---

[2] At this time, a new request file was opened for the plaintiff.

When presented with a FOIA request, an agency must conduct a reasonable search for responsive records. Oglesby v. Dep't of Army, 930 F.2d 57, 68 (D.C. Cir. 1990). Although an agency is not required to search every record system available, it must search those that are likely to produce the documents requested. Id.

"To establish that it has made a good faith effort to obtain the requested information, the agency must provide affidavits or declarations of the responsible agency officials. McCoy v. United States, 2006 WL 463106, at *12 (N.D. W. Va. 2006). "Those affidavits must establish that the agency conducted its search using methods which can reasonably be expected to produce the information requested." Id. (citing Oglesby, 930 F.2d at 68). "The search must have been made in good faith and the agency has the burden of demonstrating the adequacy of its search." Id.

Here, the defendant provided affidavits from Pamela McCarty, a legal assistant in the Civil Division of the United States Attorney's Office for the Eastern District of Kentucky, and Dione Jackson Stearns, an attorney advisor for the United States Department of Justice ("DOJ"), Executive Office for the EOUSA. Ms. McCarty, charged with receiving and being assigned requests filed under the FOIA, indicates that she searched the Legal Information Network System ("LIONS"), searched the criminal file regarding the plaintiff's case, and sent out emails to every attorney, paralegal, legal assistant, and administrative personnel to determine if any files were opened under Gregory Davis. Dione Stearns also

4

indicates the method of the search conducted. Based upon this information, the magistrate judge found that the defendant conducted a reasonable search with regard to the plaintiff's requested records.

Furthermore, the magistrate judge held that the plaintiff's allegation that the United States' search was not reasonable because it did not furnish certified copies of Miller Act contract and payment bonds is without merit. Specifically, the magistrate judge found that there are no Miller Act bonds payable to the defendant.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and holds that the magistrate judge's report and recommendation is not clearly erroneous. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## V. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the defendant's motion for summary judgment is GRANTED; the plaintiff's motion for summary judgment is DENIED; and the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is

ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   September 21, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE